█ DEBORAH SCHULZ, Respondent, v STEPHEN WALDORF, Appellant. [896 NYS2d 76]—

According to the plaintiff, on February 6, 2006, she allegedly sustained personal injuries when the defendant "pushed" her arm "out of the way" in order to gain access to a school bus operated by the plaintiff. The defendant denied making any contact ".at all" with the plaintiff.

In April 2007 the plaintiff commenced the instant action to recover damages for personal injuries, alleging that the defendant was negligent. Thereafter, the defendant moved for summary judgment dismissing the complaint, asserting that the plaintiff's cause of action was, in effect, to recover damages for an assault and/or battery, not negligence. Thus, the defendant argued that the action was subject to a one-year statute of limitations (*see* CPLR 215 [3]), and was time-barred. The Supreme Court denied the motion. We affirm.

Contrary to the defendant's contention, the Supreme Court properly denied his motion for summary judgment dismissing the complaint. The defendant failed to make a prima facie showing of entitlement to judgment as a matter of law by tendering sufficient evidence to demonstrate the absence of any material issues of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). A triable issue of fact exists as to whether the defendant's alleged conduct constituted an assault and/or battery subject to a one-year statute of limitations (*see* CPLR 215 [3]) or negligence governed by a three-year statute of limitations (*see* CPLR 214 [5]).

Accordingly, the defendant's failure to make a prima facie showing requires denial of his motion, regardless of the sufficiency of the opposing papers (*see Alvarez v Prospect Hosp.*, 68 NY2d at 324; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d at 853). Santucci, J.P., Dickerson, Eng and Chambers, JJ., concur.